## LEWIS v. MOWINCKEL et al.

(Circuit Court of Appeals, Second Circuit. May 14, 1914.)

No. 178.

SHIPPING (§ 43*)—CHARTERS—EXCUSABLE FAILURE TO DELIVER VESSEL.

A vessel under charter, to begin at the expiration of a present charter, was stranded before that time, and was not released and in condition for service until a year later. *Held*, that the owner, having been relieved from the obligation to deliver her by a peril of the sea excepted by the charter, could not be required to deliver her thereunder a year later.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 165–168; Dec. Dig. § 43.*]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree of the District Court for the Southern District of New York dismissing the libel filed by the charterer of the steamship Moldegaard to recover damages from her owners for failure to perform a charter party dated September 16, 1911. The charter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was for about one year, beginning from the time of her delivery to the charterer upon the completion of an existing charter to the Munson Line. Both charters were in the usual form, the flat period of the Munson charter was to expire January 7, 1912. On November 24, 1911, the Moldegaard stranded on one of the Bahama Islands, and was not again ready for service till February, 1913.

Convers & Kirlin, J. Parker Kirlin, and Mark W. Maclay, Jr., all of New York City, for appellant.

Charles S. Haight and Clarence Bishop Smith, both of New York City, for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. The stranding of the Moldegaard on November 24, 1911, made it impossible for her owners to deliver her to the charterer at the expiration of the Munson charter in January, 1912. At that time she was lying hard aground on Cat Island, and remained there for six months, when she was floated and taken to New York for repairs, which were not completed until February, 1913. There can be no pretense that the owners did not do all that they were required to do, and all that it was possible to do to float the ship. After this was accomplished the repairs were commenced and proceeded to completion as rapidly as possible in the circumstances. It is conceded that the stranding put it out of the owner's power to deliver the ship at the expiration of the Munson charter, but the libelant contends that she should have been rechartered to him a year later when she was again able to go to sea. There is no ground for the contention that she was not salved and repaired as rapidly as possible, and we are convinced that a year was fairly required after the stranding before she could have been made ready for service.

The delay was caused by a peril of the sea excepted in both charters, and the owner was therefore relieved. Certainly it was not contemplated by the parties that they were entering into a charter which could be interpreted to begin a year after the expiration of the Munson charter. We agree with the District Court in thinking that the stranding of the steamer, in such circumstances as to induce her owners to believe that she would become a total loss and in any event to make her employment impossible for many months, released them from liability under the charter. It excused both parties, but did not make a new contract.

The attempt to show that a delivery of the steamer in July was contemplated originally, completely failed, especially on the production of the correspondence. Only a reasonable overlap was contemplated, and a year was, in our opinion, not such an overlap.

Decree affirmed.